JANE B. STRANCH,
dissenting.
My review of the record reveals that Traxler’s sentence resulted from the district court’s grant of two separate motions. The majority opinion addresses only the government’s motion for a downward departure based on substantial assistance, the grant of which rendered the statutory minimum sentence no longer applicable and allowed the court to depart from the bottom of the guideline range. But, following that analysis, the court asked the defense to argue its motion for a downward variance. After argument, the court engaged in a lengthy colloquy with Traxler about the severity of his criminal conduct and its effects, but also encouraged Trax-ler to continue his ongoing efforts to take responsibility for his criminal conduct and reform his life. The court then turned to the § 3553(a) factors that govern analysis of a downward variance and the sentence to be imposed.
To facilitate appellate review, it would have been preferable for the court to specify how far it departed downward based on substantial assistance and how far it varied downward based on other appropriate considerations. But I have no trouble concluding on the record as a whole that the court adequately explained why the sentence imposed was “sufficient, but not greater than necessary, to comply with” the § 3553(a) factors. See Gall v. United States, 552 U.S. 38, 46, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The court observed that criminal history category V over-represented Traxler’s criminal record where the reported convictions were ten years old, and applying the § 3553(a) factors, the court discussed the nature and circumstances of the offense, Traxler’s history and characteristics, the seriousness of the *687 offense, the need for just punishment and adequate deterrence, and the need to provide Traxler with vocational or educational programming in prison to further support his reformative goals. Because the sentence was sufficiently and properly explained, I would affirm. Accordingly, I respectfully dissent from the majority’s opinion.